FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**August 11, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

STEVE MIGHELL, on behalf of himself
and those similarly situated,

    Plaintiff - Appellant,

v.

HPG PIZZA I, LLC; HPG PIZZA II, LLC;
ROB PRANGE; DOE CORPORATION
1-10; JOHN DOE 1-10,

    Defendants - Appellees.

No. 25-1019
(D.C. No. 1:23-CV-02533-SKC-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **McHUGH**, **CARSON**, and **ROSSMAN**, Circuit Judges.

_____

When assessing whether the plaintiff has Article III standing, we must assume the legal validity of his claim.  Then, if he suffered an injury in fact that is traceable and redressable, he has standing.  We do not wade into the merits of a plaintiff's claim in making our standing determination.

Plaintiff Steve Mighell sued Defendants after working for them as a pizza delivery driver.  He alleged that Defendants failed to pay him the federal minimum wage and applicable overtime wages after considering unreimbursed vehicle

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

expenses. The district court determined that Plaintiff failed to allege that he had suffered an injury in fact as required for Article III standing. Plaintiff appealed. Because the district court considered the merits of Plaintiff's claims to determine standing, we vacate the district court's judgment and remand for further proceedings.

I.

The Fair Labor Standards Act ("FLSA") "sets forth employment rules concerning minimum wages, maximum hours, and overtime pay." Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 4 (2011) (citing 29 U.S.C. § 201 *et seq*.). As to minimum wages, the FLSA requires employers to pay their employees an hourly wage of at least $7.25. Romero v. Top-Tier Colo. LLC, 849 F.3d 1281, 1283 (10th Cir. 2017) (quoting 29 U.S.C. § 206(a)(1)(C)). For hours worked beyond forty per week, employers must generally "pay employees one-and-one-half times their regular hourly rate . . . ." Jordan v. Maxim Healthcare Servs., Inc., 950 F.3d 724, 727 (10th Cir. 2020) (citing 29 U.S.C. § 207(a)(1)).

Regarding tipped employees, "an employer can take advantage of the FLSA's tip-credit provision: it can pay those employees a cash wage of as little as $2.13 an hour, and then use a portion of the employees' tips to make up the difference between that hourly cash wage and the federal minimum wage." Romero, 849 F.3d at 1283–84 (first citing 29 U.S.C. § 203(m); and then citing Fast v. Applebee's Int'l, Inc., 638 F.3d 872, 876 (8th Cir. 2011)). An employer need take advantage of this "tip credit" only if the employer pays an hourly cash wage less than the federal minimum wage. See 29 U.S.C. § 203(m).

2

The State of Colorado also imposes its own minimum-wage requirement on employers. At the time of the events here, that minimum wage rate was $13.65 per hour. The Colorado Constitution provides that employers can "offset the minimum wage of employees who regularly receive tips"—otherwise known as a tip credit—up to $3.02 per hour. Colo. Const. art. XVIII, § 15. Subtracting the allowed maximum tip credit of $3.02 from Colorado's minimum wage of $13.65 results in a minimum cash wage of $10.63 per hour for tipped employees under Colorado law.

Defendants own and operate over thirty Papa John's pizza stores in Colorado. Defendants employ drivers to deliver pizza and other food items to customers. The drivers must provide their own vehicles to make deliveries and pay all the associated expenses, including gasoline and maintenance. Defendants pay the drivers an hourly wage, and the drivers also make tips. Defendants do not reimburse drivers for actual expenses; rather, they reimburse drivers on a per-delivery or per-mile basis.

Plaintiff worked at one of Defendants' Papa John's stores as a delivery driver for about a month during the summer of 2023. Plaintiff received "approximately $10.60 per hour" as an hourly wage, plus tips.[1] Plaintiff also received a reimbursement of "approximately $.35 per mile" for vehicle expenses. During his employment, Plaintiff "regularly made approximately fifteen deliveries per shift" and "regularly drove about 5 to 10 miles per delivery."

---

[1] Plaintiff does not dispute that Defendants paid him $10.63 per hour.

3

Plaintiff filed this lawsuit on behalf of himself and similarly situated individuals, alleging that Defendants violated the FLSA and various Colorado wage laws. Relevant to this appeal, he argued that Defendants failed to pay him a lawful minimum wage because of unreimbursed expenses. To demonstrate his point, Plaintiff used the IRS business mileage reimbursement rate as a method to approximate his incurred expenses, which in 2023 was $.655 per mile—$.305 more per mile than the $.35 that Defendants paid.[2] Then, "assuming 2.5 deliveries per hour" and "a conservative estimate of about 5 average miles per delivery," he reasoned that he "'kicked back' to Defendants approximately $4.575 per hour . . . ."[3] Thus, Plaintiff argued, his hourly wage of "approximately $10.60 per hour" minus the non-reimbursed expenses per hour (the "kick back") left him receiving less than the $7.25 federal minimum wage. Plaintiff argued the same problem applied to his overtime hours and thus Defendants also underpaid his overtime wages in violation of the FLSA.

Defendants moved to dismiss Plaintiff's Complaint, arguing that the district court lacked subject matter jurisdiction under Federal Rule of Civil Procedure

---

[2] No party kept records of Plaintiff's actual expenses.

[3] We note that Plaintiff's math as alleged in his Complaint appears incorrect. Plaintiff estimated that Defendants under-reimbursed him by $1.525 per delivery (based on his estimated $.305 per mile under-reimbursement multiplied by his estimated 5 average miles per delivery). He stated that he "kicked back" $4.575 per hour based on this estimated $1.525 under-reimbursement per delivery multiplied by his approximate 2.5 deliveries per hour. But that results in a "kick back" of $3.8125 per hour.

12(b)(1) because Plaintiff lacked standing to sue.  Alternatively, Defendants argued that Plaintiff failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).[4]

The district court granted Defendants' motions to dismiss, determining that Plaintiff "failed to carry his burden to establish his standing to pursue his FLSA claims . . . ."  Specifically, it found that Plaintiff failed to allege sufficient facts to show that he suffered an injury in fact as required for standing.  First, the district court determined that "Plaintiff's delivery expenses [we]re assumptions built upon estimates that [we]re not certain enough to establish a concrete injury."  Second, it found that "even using Plaintiff's own assumptions and estimates alleged in the [Complaint] based on the assumed IRS mileage-reimbursement rate," Plaintiff failed to show Defendants paid him less than the federal minimum wage.  The district court noted that Plaintiff did not allege that Defendants failed to pay him the Colorado minimum wage of $13.65 per hour (accounting for Colorado's tip credit).  Thus, it reasoned, subtracting Plaintiff's alleged "kickback" of $4.58 left him with an hourly rate of $9.07 per hour—"well above the $7.25 federal minimum wage."

The same was true, the district court said, of Plaintiff's overtime claim. Defendants submitted Plaintiff's pay stubs with its motion to dismiss, and the district court explained that those pay stubs revealed that Plaintiff received $20.82 per hour

---

[4] Certain Defendants also argued that Plaintiff failed to sufficiently allege that they were Plaintiff's "employer" under the FLSA.  Because of its disposition, the district court did not address this argument.  Neither do we.

for overtime, "which exceed[ed] the FLSA requirement for overtime to be paid at the rate of at least one and one-half an employee's regular rate," even when considering his under-reimbursement theory.  Thus, the district court dismissed Plaintiff's federal claims.[5]  Plaintiff appealed.

## II.

The district court dismissed Plaintiff's case for lack of subject matter jurisdiction, specifically determining that he failed to show that he suffered an injury in fact as required for Article III standing.  We review a district court's standing determinations de novo.  Nat'l Ass'n for Gun Rts. v. Polis, 173 F.4th 1317, 1323 (10th Cir. 2026) (citing Bertels v. Farm Bureau Prop. & Cas. Ins. Co., 123 F.4th 1068, 1073 (10th Cir. 2024)).

Article III of the United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies,'" and "the core component of standing is an essential and unchanging part" of that requirement.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 559–60 (1992) (first quoting U.S. Const. art. III; and then citing Allen v. Wright, 468 U.S. 737, 751 (1984)).  Standing is a "threshold" inquiry and "in no way depends on the merits of a plaintiff's contention that the challenged conduct is illegal."  Tandy v. City of Wichita, 380 F.3d 1277, 1283 n.10 (10th Cir. 2004) (citing

---

[5] Because the district court dismissed Plaintiff's federal claims, it declined to exercise supplemental jurisdiction over his state-law claims and dismissed them without prejudice.  Plaintiff had also moved for "Conditional Certification of FLSA Collective Action," but the district court denied his motion as moot.  Plaintiff does not appeal these determinations.

6

Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)).  To establish standing, Plaintiff

must demonstrate that (1) he "has suffered an injury in fact," (2) "there is a causal

connection between the injury and the conduct complained of," and (3) "it is likely

that the injury will be redressed by a favorable decision."  Winsness v. Yocom, 433

F.3d 727, 731–32 (10th Cir. 2006) (quoting Phelps v. Hamilton, 122 F.3d 1309, 1326

(10th Cir. 1997)).  "The plaintiff's injury, moreover, must be 'actual or imminent, not

conjectural or hypothetical.'"  Id. at 732 (quoting Lujan, 504 U.S. at 560).

Plaintiff has, at this stage, articulated an injury in fact.  In his Complaint,

Plaintiff alleged that Defendants paid him less than the federal minimum wage when

taking his unreimbursed delivery expenses into consideration.  His allegations rest on

the proposition that Defendants could not take any tip credit—not even the Colorado

tip credit—into account when calculating whether his alleged unreimbursed expenses

dipped his hourly wage below the $7.25 minimum requirement.

In analyzing standing, the district court determined that Plaintiff's legal theory

lacked merit.  More specifically, although Plaintiff theorized (rightly or wrongly) that

Defendants underpaid his regular and overtime wages, the district court assumed that

Defendants could take the Colorado tip credit into account and use $13.65 as the

starting point in determining whether it properly paid Plaintiff.  Based on this

determination, the district court concluded that Plaintiff had not alleged an injury in

fact.

By assuming a proposition that caused Plaintiff's legal theory to seemingly

lack merit, the district court made precisely the wrong assumption.  "For purposes of

standing, we must assume [Plaintiff's] claim has legal validity." Initiative &
Referendum Inst. v. Walker, 450 F.3d 1082, 1093 (10th Cir. 2006) (citing Utah
Animal Rts. Coal. v. Salt Lake City Corp., 371 F.3d 1248, 1256 (10th Cir. 2004)).
So, if Plaintiff's claims have legal validity—which we assume they do—he has
demonstrated an injury in fact.[6]  Stated otherwise, *if* Plaintiff's legal theory is correct,
Defendants paid him less than federal law requires for both regular and overtime
wages.

Here, the district court decided a legal issue against Plaintiff by assuming he
suffered no harm.  By doing so, it erroneously "put the merits cart before the standing
horse." Initiative & Referendum Inst., 450 F.3d at 1093 (citing McConnell v. FEC,
540 U.S. 93, 227 (2003)).

Most of the parties' arguments on appeal relate more to the merits of
Plaintiff's case and whether Plaintiff pled sufficient facts to state a claim under
Federal Rule of Civil Procedure 12(b)(6).[7]  Because the district court did not decide
these issues in the first instance, we remand so that it may conduct a Rule 12(b)(6)
analysis and consider these issues on the merits.  See Singleton v. Wulff, 428 U.S.

---

[6] Plaintiff has also pled sufficient facts to show "a causal connection" between
this injury and Defendants' conduct and that this injury would be redressed by a
favorable court decision, satisfying the other two standing elements.

[7] The district court also determined that "Plaintiff's delivery expenses are
assumptions built upon estimates that are not certain enough to establish a concrete
injury."  But whether Plaintiff has sufficiently identified damages required to state a
claim for relief is a separate question from whether Plaintiff has standing.

8

106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.")

We VACATE the dismissal of Plaintiff's complaint under Rule 12(b)(1), and REMAND for further proceedings consistent with this opinion.

Entered for the Court


Joel M. Carson III
Circuit Judge